IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-142-D

JONATHAN CLOUD,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          **ORDER**
                                   )
MARK STEVENS, et al.,              )
                                   )
            Defendants.            )


On April 7, 2021, pursuant to 28 U.S.C. § 636(b)(1), the court referred Jonathan Cloud's

("plaintiff" or "Cloud") pro se complaint and motion for leave to proceed in forma pauperis to

Magistrate Judge Brian S. Meyers for a Memorandum and Recommendation ("M&R") and for a

frivolity review [D.E. 4]. On April 28, 2023, Magistrate Judge Meyers granted the motion to

proceed in forma pauperis and issued an M&R recommending that the court dismiss the complaint

for lack of subject-matter jurisdiction [D.E. 5]. On July 28, 2023, Cloud objected to the M&R [D.E.

10].

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1)(C). Absent a timely objection, "a district court

need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation

omitted). If a party makes only general objections, de novo review is not required. See Wells v.

Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and Cloud's objections. As for those portions of the M&R to which Cloud made no objection, the court is satisfied that there is no clear error on the face of the record. Magistrate Judge Meyers determined that the court lacks subject-matter jurisdiction. This court agrees with Magistrate Judge Meyers's conclusion.

In sum, the court OVERRULES plaintiff's objections to the M&R, ADOPTS the conclusions in the M&R [D.E. 5], and DISMISSES WITHOUT PREJUDICE plaintiff's complaint for lack of subject-matter jurisdiction [D.E. 7]. Alternatively, plaintiff fails to state a claim upon which relief can be granted. The clerk shall close the case.

SO ORDERED. This ⸏ day of August, 2023.

J⸏ Dever
JAMES C. DEVER III
United States District Judge

2